## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

HONORABLE WENDELL GRIFFEN,        )
                                               )
     Plaintiff,                  )
                                             )
     vs.                        )     Case No. 4:17-CV-00639 JM
                                             )
THE SUPREME COURT OF ARKANSAS,    )
                                             )
HONORABLE JOHN DAN KEMP, in his     )
OFFICIAL CAPACITY as CHIEF JUSTICE   )
of the SUPREME COURT of ARKANSAS,   )
                                             )
HONORABLE ROBIN F. WYNNE, in his    )
OFFICIAL CAPACITY as ASSOCIATE JUSTICE )
of the SUPREME COURT of ARKANSAS,   )
                                           )
HONORABLE COURTNEY HUDSON GOODSON, )
in her OFFICIAL CAPACITY as ASSOCIATE  )
JUSTICE of the SUPREME COURT of ARKANSAS, )
                                           )
HONORABLE JOSEPHINE L. HART, in her   )
OFFICIAL CAPACITY as ASSOCIATE JUSTICE )
of the SUPREME COURT of ARKANSAS,   )
                                           )
HONORABLE SHAWN A. WOMACK, in his   )
OFFICIAL CAPACITY as ASSOCIATE JUSTICE )
of the SUPREME COURT of ARKANSAS,   )
                                           )
HONORABLE KAREN R. BAKER, in her    )
OFFICIAL CAPACITY as ASSOCIATE JUSTICE )
of the SUPREME COURT of ARKANSAS,   )
                                           )
HONORABLE RHONDA K. WOOD, in her   )
OFFICIAL CAPACITY as ASSOCIATE JUSTICE )
of the SUPREME COURT of ARKANSAS,   )
                                           )
     Defendants.                )

## **BRIEF IN SUPPORT OF MOTION TO DISMISS**

Separate Defendants, the Honorable Josephine L. Hart and the Honorable Karen R. Baker, respectfully submit this brief in support of their Motion to Dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## **INTRODUCTION**

In his Complaint, Judge Wendell Griffen alleges six causes of action: (1) First Amendment Retaliation on the Basis of Speech; (2) First Amendment Retaliation on the Basis of Religious Exercise; (3) Violation of the Arkansas Religious Freedom Restoration Act; (4) Denial of Procedural Due Process; (5) Violation of the Equal Protection Clause; and (6) Civil Conspiracy. **ECF No. 1**. All six causes of action arise out of a Per Curiam Order issued by the Arkansas Supreme Court on April 17, 2017, which reassigned all cases in the Fifth Division that involve the death penalty or the state's execution protocol, whether civil or criminal, and removed them from Judge Griffen's docket. See Exhibit "A," Arkansas Supreme Court Per Curiam Order No. 17-155 ("Per Curiam Order").

The Per Curiam Order resulted from an Emergency Petition for Writ of Mandamus, Writ of Prohibition, Writ of Certiorari, or Supervisory Writ ("Petition for Writs") submitted to the Arkansas Supreme Court by the Arkansas Attorney General via email at 9:08 a.m. on Saturday, April 15, 2017. See Exhibits "B," Petition for Writs, and "C," Affidavit of Stacey Pectol, ¶ 3. At 3:29 p.m. on April 15, 2017, Judge Griffen received an email from Colin Jorgenson, Senior Assistant Attorney General, along with the Petition for Writs. See Exhibit "D," Letter of May 19, 2017, from Judge Griffen to David Sachar and Stark Ligon. At 4:23 p.m. on April 15, 2017, the Clerk of the Court emailed the Petition for Writs to Judge Griffen and advised him that the Court had set a response deadline of 9:00 a.m. on Monday, April 17, 2017. See Exhibit "C," ¶ 7. Judge Griffen did not file a response, and at 10:33 a.m. on April 17, 2017, the Clerk of the Court emailed

Judge Griffen a copy of the Per Curiam Order.  See Exhibit "C," ¶¶ 10, 11.  As discussed below, all of the claims now asserted by Judge Griffen should be dismissed, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, as even when viewed in the light most favorable to Judge Griffen, the facts alleged in the Complaint fail to state a claim upon which relief can be granted.

## **LEGAL STANDARD**

Judge Griffen's Complaint should be dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.  A Rule 12(b)(6) motion should be granted if the complaint does not contain factual allegations sufficient "to raise a right to relief above the speculative level" or when it does not "state a claim to relief that is plausible on its face."[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009). In applying that standard, the Court should "ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Servs. of Am. v. Am. State Bank*, 339 F.3d 764, 767 (8th Cir. 2003).

In addressing a motion to dismiss, the Court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record.  *Lustgraaf v. Behrens*, 619 F.3d 867, 885–86 (8th Cir. 2010).  A district court may consider these materials without converting the defendant's request to a motion for summary judgment." *Id.*  The Arkansas Supreme Court, acting pursuant to its superintending powers, had the authority

---

[1] In setting forth this standard, the United States Supreme Court abandoned the prior "no set of facts" standard under *Conley v. Gibson*, 355 U.S. 41 (1957). *Twombly*, 550 U.S. at 562–63 (the "no set of facts" standard "has earned its retirement"); Iqbal, 556 U.S. at 670 ("*Twombly* retired the *Conley* no-set-of-facts test").

to reassign cases involving the death penalty, and given the clear bias Judge Griffen demonstrated on the issue, it acted properly in so doing.

## ARGUMENT

The Arkansas Supreme Court had the authority, pursuant to Amendment 80 to the Arkansas Constitution and the Court's inherent superintending control of lower courts, to remove all death penalty cases from Judge Griffen's docket, and the Court's order was supported by the law and the Arkansas Code of Judicial Conduct.

### I.    The Arkansas Supreme Court had the authority to remove all cases involving the death penalty from Judge Griffen's docket.

Arkansas Constitutional Amendment 80, Section 4, vests the Supreme Court with the power to "exercise general superintending control over all courts of the state." Ark. Const. Amend. 80, § 4.  Superintending jurisdiction is one of the three jurisdictional types held by the Supreme Court. *Parker v. Crow*, 2010 Ark. 371, 4-5, 368 S.W.3d 902, 906 (2010) (identifying the other types of jurisdiction as appellate and original jurisdiction). "Superintending control is an extraordinary power" usually "enforced through issuance of writs." *Id.*  The Court's superintending control power permits it to "invent, frame, and formulate new and additional means, writs, and processes." *Id.* (quoting *Foster v. Hill*, 372 Ark. 263, 375 S.W.3d 151 (2008).) This power is broad and not restricted by specific rules or limitations. *Id.*

The Arkansas Supreme Court's application of superintending control is only limited by the exigencies calling for its use. *Foster v. Hill*, 372 Ark. at 268, 375 S.W.3d at 155. Superintending control by the Arkansas Supreme Court is a specific constitutional control "over all courts of the state."  Pursuant to the clear law, the Arkansas Supreme Court has the absolute authority to take the action it did in reassigning cases involving the death penalty away from Judge Griffen's docket. The opposite is not true – Judge Griffen has no right, whatsoever, to sit on death penalty cases.  As

4

the Arkansas Supreme Court acted pursuant to its broad authority under its superintending control,

Judge Griffen's Complaint should be dismissed, as a matter of law.

II.     **The Arkansas Supreme Court's decision to remove all cases involving the death penalty from Judge Griffen's docket was appropriate.**

Judge Griffen's decision to protest the death penalty required the Arkansas Supreme Court

to remove him from cases in which the death penalty is at issue.  The Arkansas Code of Judicial

Conduct requires a judge to disqualify himself in any proceeding in which the judge's impartiality

might reasonably be questioned, specifically including circumstances in which "[t]he judge, while

a judge or judicial candidate, has made a public statement, other than in a court proceeding, judicial

decision, or opinion, that commits or appears to commit the judge to reach a particular result or

rule in a particular way in the proceeding or controversy."   Rule 2.11(A)(5), Arkansas Code of

Judicial Conduct.  Moreover, a judge "shall not make any public statement that might reasonably

. . . impair the fairness of a matter pending . . . in any court."  Rule 2.10(A)

In the Petition for Writs, the Attorney General properly presented proof, which

unequivocally demonstrated that Judge Griffen had made public statements and taken actions

outside of the courtroom, establishing his moral and religious opposition to the death penalty.  A

photograph, attached as Exhibit 7A to the Petition for Writs, showed Judge Griffen lying on a cot,

in front of the Governor's Mansion, surrounded by 11 signs, protesting the death penalty.  See

Exhibit "B," Petition for Writs, Exhibit 7A. The Petition for Writs also included a post from Judge

Griffen's personal blog, which expressed his belief that the death penalty is morally wrong.  See

Exhibit "B," Petition for Writs, Exhibit 8.

Both the photograph and the blog post were public displays by Judge Griffen, which he

voluntarily made to show his opposition to the death penalty.  Judge Griffen was not required to

display his personal bias, but by so doing, he knowingly chose his removal from death-penalty

cases by his decision to publicly protest and express his strong personal opposition to the death penalty. These decisions of Judge Griffen mandated action by the Arkansas Supreme Court to eliminate the public appearance of bias from the death penalty cases. The Arkansas Supreme Court's exercise of its superintending control was required in these circumstances. Otherwise, the public would naturally believe a judge with a publicly professed "bias" and publicly professed lack of "impartiality" was being allowed to decide death penalty cases. As the Arkansas Supreme Court was correct in its decision to remove Judge Griffen from cases involving the death penalty, Judge Griffen's Complaint should be dismissed, as a matter of law.

> **III.    Justices Hart and Baker adopt by reference the motions to dismiss filed by the other Defendants in this case, and all arguments raised therein, pursuant to Rule 10(c), Fed. Rules Civ. Pro.**

Justices Hart and Baker join in the Motions to Dismiss filed by their fellow Justices and incorporate the arguments made in those Motions and accompanying Briefs, as if set out word for word herein.

## <u>CONCLUSION</u>

The Arkansas Supreme Court had jurisdiction to remove Judge Griffen from cases involving the death penalty, pursuant to its superintending control of lower courts, and its Per Curiam Order was compelled by Judge Griffen's voluntary decision to protest the death penalty, at a time when issues involving the death penalty were before him. Therefore, Judge Griffen's Complaint should be dismissed.

Respectfully submitted,

HONORABLE JOSEPHINE HART


By:   */s/  Robert L. Henry, III*
      Robert L. Henry, III
      Arkansas Bar Number 72054
      **BARBER LAW FIRM, PLLC**
      3400 Simmons Tower
      425 West Capitol Avenue
      Little Rock, Arkansas 72201
      (501) 372-6175
      rhenry@barberlawfirm.com

      A.F. "Tom" Thompson, III
      Arkansas Bar Number 77133
      Kenneth P. "Casey" Castleberry
      Arkansas Bar Number 2003109
      **MURPHY, THOMPSON, ARNOLD,**
       **SKINNER & CASTLEBERRY**
      555 East Main Street, Suite 200
      Post Office Box 2595
      Batesville, Arkansas 72503
      (870) 793-3821
      aftomt2001@yahoo.com
      caseycastleberry2003@yahoo.com

      *ATTORNEYS FOR HONORABLE JOSEPHINE L. HART*


HONORABLE KAREN R. BAKER

By:   */s/ Timothy O. Dudley*
      Timothy O. Dudley
      Arkansas Bar Number 82055
      **TIM DUDLEY, LTD.**
      114 South Pulaski
      Little Rock, Arkansas 72201
      (501) 372-0080
      todudley@swbell.net

      *ATTORNEY FOR HONORABLE KAREN R. BAKER*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system.  As such, this pleading was served on all counsel who are deemed to have consented to electronic service.  All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by regular mail on December 19, 2017.


 */s/ Casey Castleberry*
Kenneth P. "Casey" Castleberry