**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**HONORABLE WENDELL GRIFFEN**                                              **PLAINTIFF**

**VS.**                                    **NO.  4:17CV00639-JM**

**ARKANSAS SUPREME COURT, et al.**                                  **DEFENDANTS**


## ORDER

Pending are motions to dismiss filed on behalf of Defendants Supreme Court of Arkansas, Justices John Dan Kemp, Robin F. Wynne, and Shawn A. Womack, (ECF No. 23); Justices Josephine L. Hart and Karen R. Baker, (ECF No. 24); Justice Courtney Hudson Goodson, (ECF No. 26); and Justice Rhonda K. Wood, (ECF No. 28).  Plaintiff has filed a consolidated response to the pending motions to dismiss and Defendants have filed a consolidated reply.  The issues are ripe for determination and the Court will address the arguments of the Defendants collectively.

### Facts

On October 5, 2017, the Honorable Wendell Griffen, Judge for the Sixth Judicial Circuit Court, filed suit in this Court claiming that the Supreme Court of Arkansas, and Justices John Dan Kemp, Robin F. Wynne, Courtney Hudson Goodson, Josephine L. Hart, Shawn A. Womack, Karen R. Baker and Rhonda K. Wood, in their official capacities, violated his constitutional rights when the Court entered Order No. 17-155 which permanently reassigned all cases in the Fifth Division (cases assigned to Judge Griffen) that involve the death penalty or the state's execution protocol ("the disqualification order").   Plaintiff alleges claims of First

Amendment retaliation on the basis of speech and religion, violation of the Arkansas Religious

Freedom Restoration Act, denial of his procedural due process rights, violation of his right to

equal protection and civil conspiracy.

Defendants claim that Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ.

P. 12(b)(1) and (b)(6).  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.*   However, courts are "not bound to accept as

true a legal conclusion couched as a factual allegation" and such "labels and conclusions" or

"formulaic recitation[s] of the elements of a cause of action will not do."  *Id.* (quoting *Bell Atl.

Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted).  In making this

determination, the Court must draw all reasonable inferences in favor of the plaintiff, *Crooks v.

Lynch*, 557 F.3d 846, 848 (8th Cir.2009), and must treat the complaint's factual allegations as

true. *See Taxi Connection v. Dakota, Minnesota & E. R.R. Corp.*, 513 F.3d 823, 826 (8th Cir.

2008).  "When considering a Rule 12(b)(6) motion, the court generally must ignore materials

outside the pleadings, but it may consider some materials that are part of the public record or do

not contradict the complaint, as well as materials that are necessarily embraced by the

pleadings." *Smithrud v. City of St. Paul*, 746 F.3d 391, 395 (8th Cir. 2014) (citation omitted).

In a facial challenge to subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1),

"the court merely [needs] to look and see if plaintiff has sufficiently alleged a basis of subject

matter jurisdiction." *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914 (8th Cir. 2015)

(alteration in original).  "Accordingly, 'the court restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6).' " *Id.* (quoting *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)).

In his Complaint, Plaintiff acknowledges that "in his personal life and his capacity as a pastor, [he] has expressed his personal religious and moral views on the death penalty."  (ECF No. 1, ¶12).  He admits participating in prayer vigils as an exercise of his religious expression and claims to have "always conducted his religious activities outside the auspices of his judicial role."  *Id.*  Plaintiff contends that "notwithstanding his personal religious beliefs and moral views about the death penalty, [he] has always attempted to interpret Arkansas law on the death penalty fairly, without predisposition and according to law and precedent."  (ECF No. 1, ¶13).  Plaintiff admits that on April 10, 2017 he expressed his personal view, in a blog post about religious faith, that "the death penalty is 'morally' -not legally- unjustified."  (ECF No. 1, ¶16).

On Good Friday, April 14, 2017, Plaintiff attended a rally organized to demonstrate opposition to the death penalty on the steps of the Arkansas Capitol. (ECF No. 1, ¶18).  On the same day, he attended a prayer vigil outside the Arkansas Governor's Mansion.  *Id.*  During the prayer vigil, Plaintiff  "laid on a cot in solidarity with Jesus. . . . " *Id.*  Plaintiff claims that his participation in these gatherings was a constitutionally protected expression of his deeply held religious beliefs. (ECF No. 1, ¶20).

Also on April 14, 2017, Plaintiff, as the presiding judge in McKesson Medical-Surgical Inc. v. State of Arkansas, et al., Case No. 60CV-17-1921, issued a temporary restraining order which prevented the State from using the drug vercuronium bromide in the administration of

capital punishment. (ECF No. 1, ¶26).   Plaintiff set a hearing for the following Tuesday, April

18, 2017. (ECF No. 1, ¶27).   On April 15, 2017, the Arkansas Attorney General filed an

emergency petition for writ of mandamus, writ of certiorari, or supervisory writ with the

Arkansas Supreme Court seeking to vacate the <u>McKesson</u> TRO and remove Judge Griffen from

the <u>McKesson</u> case. (ECF No. 1, ¶28).  In the State's emergency petition before the Arkansas

Supreme Court, the State contended that Plaintiff's public display of partiality demonstrated

actual bias and that he could not avoid the appearance of unfairness.  On April 17, 2017 the

Arkansas Supreme Court issued Order No. 17-155 which removed Plaintiff from the <u>McKesson</u>

case, referred him to the Judicial Discipline and Disability Commission to consider whether he

had violated the Code of Judicial Conduct, and  "immediately reassign[ed] all cases in the Fifth

Division [the cases assigned to Judge Griffen] that involve the death penalty or the state's

execution protocol, whether civil or criminal."  (ECF No. 1, ¶29-30).  The Court ruled that it was

to be a "permanent reassignment" in present cases and future cases involving this subject matter.

*Id.*  Plaintiff alleges that "the Arkansas Supreme Court entered Order No. 17-155 in retaliation

for [his] exercise of his religious freedom through attendance at the Good Friday prayer vigil and

gathering and out of discriminatory racial animus toward him as a person of African-American

ancestry and racial identity."  (ECF No. 1, ¶40).

Discussion

Sovereign Immunity

Defendants argue that Plaintiff's claims against the Arkansas Supreme Court are barred

by sovereign immunity.  Plaintiff responds by clarifying that he only named the Arkansas

Supreme Court as a party defendant for the claims made in Count III of his Complaint which

4

allege violations of the Arkansas Religious Freedom Restoration Act ("ARFRA").  The Eleventh Amendment bars suit against state governments brought in federal court unless the state has clearly and unequivocally waived its immunity, *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 800 (8th Cir. 2002), or Congress has abrogated the states' Eleventh Amendment immunity with respect to that particular cause of action, *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 54–56 (1996). "A state's interest in sovereign immunity pertains not only to whether it may be sued but also to where it may be sued."  *Faibisch,* 304 F.3d at 800.  The Eleventh Amendment bars suit against states and state agencies "for any kind of relief, not merely monetary damages." *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).  Plaintiff does not dispute that the Arkansas Supreme Court is an agency of the State of Arkansas.

Plaintiff argues that with respect to the ARFRA, the Arkansas legislature has waived sovereign immunity.  The ARFRA provides as follows:

(a) A government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability, except that a government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person is:

(1) In furtherance of a compelling governmental interest; and

(2) The least restrictive means of furthering that compelling governmental interest.

(b)(1) A person whose religious exercise has been burdened in violation of this section may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against a government.

(2) Standing to assert a claim or defense under this section is governed by the general rules of standing under statute, the Arkansas Rules of Criminal Procedure, the Arkansas Rules of Civil Procedure, or any court holding from the state's appellate courts.

Ark. Code Ann. §16-123-404.  In part, the purpose of the ARFRA as explained in Ark. Code

Ann. §16-123-402 is "[t]o provide a claim or defense to persons whose religions exercise is

substantially burdened by government."  "Government" is defined as "a branch, department,

agency, instrumentality, political subdivision, official, or other person acting under color of state

law."  Ark. Code Ann. §16-123-403(3).

 "A State's general waiver of sovereign immunity from litigation in state court is

insufficient to waive Eleventh Amendment immunity" from litigation in federal court; "the state

must specify an intent to subject itself to federal court jurisdiction." *Santee Sioux Tribe of Neb. v.

Nebraska*, 121 F.3d 427, 431 (8th Cir. 1997).   Although the ARFRA contains language

indicating that an individual whose religious exercise is substantially burdened by government

may bring suit for violations of its provisions, the statute contains no language that specifies its

intent to authorize such suits against the state in federal court. "The test for whether a state has

waived its immunity ... is a stringent one. A state is deemed to have waived its immunity only

where stated by the most express language or by such overwhelming implication from the text as

will leave no room for any other reasonably construction."    *Dean v. Minnesota Dep't of Human

Servs.*, No. 16-CV-478 (PJS/LIB), 2016 WL 6821127, at *5 (D. Minn. Oct. 26, 2016), quoting,

*Santee Sioux Tribe of Neb. v. State of Neb.*, 121 F.3d 427, 430 (8th Cir. 1997) (citation omitted).

The Court finds that the State has not clearly and unequivocally waived its Eleventh Amendment

immunity for claims brought pursuant to the ARFRA in federal court.  Accordingly, Plaintiff's

claims against the Arkansas Supreme Court for violations of ARFRA are barred by sovereign

immunity. The Supreme Court will be dismissed from this action.

 Defendants acknowledge that Plaintiff's claims against the individual Justices in their

official capacities for injunctive and declaratory relief are not barred by sovereign immunity.

Judicial Immunity

Defendants argue that Plaintiff's claims against the individual Justices are barred by judicial immunity.   Unless judges act completely outside all jurisdiction, they are absolutely immune from suit for money damages when acting in their judicial capacity. *Martin v. Hendren*, 127 F.3d 720, 721 (8th Cir. 1997).   The issues giving rise to the disqualification order in this case arose in the context of a legal dispute and came before the Justices on an emergency petition from the Arkansas Attorney General in <u>McKesson Medical Surgical, Inc. v. State of Arkansas</u>.  The Court finds that the action of the Court in entering the disqualification order constituted a discharge of judicial obligations. It is well settled that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978).

Judicial immunity does not, however, bar claims for injunctive relief where declaratory relief is unavailable.  *See* 42 U.S.C. §1983 and *Allen v. DeBello*, 861 F.3d 433, 439 (3rd Cir. 2017)(The 1996 amendments to Section 1983 clarify that in any action against a judicial officer for an act or omission taken in the officer's judicial capacity, "injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." The amended language "does not expressly authorize suits for declaratory relief against judges. Instead, it implicitly recognizes that declaratory relief is available in some circumstances, and then limits the availability of injunctive relief to circumstances in which declaratory relief is unavailable or inadequate").   Here, Plaintiff does not argue that a declaratory decree was

violated.  Further, Plaintiff cannot claim that declaratory relief is unavailable where Plaintiff

seeks declaratory relief in this action.   Defendants acknowledge that Plaintiff's claim for

declaratory relief is not barred by judicial immunity.[1] (ECF No. 23, p. 12-13).  Because no

declaratory decree was violated and declaratory relief is available, Plaintiff is precluded from

seeking injunctive relief against the individual Justices in their official capacities pursuant to

Section 1983.

       12(b)(6) Motions to Dismiss

       Defendants contend that Plaintiff has failed to state sufficient facts to support his claims

for First Amendment Speech Retaliation, First Amendment Free Exercise Retaliation, Violation

of the ARFRA, Violation of Procedural Due Process, Violation of Equal Protection, or Civil

Conspiracy.  Defendants present matters outside the pleadings for consideration in making this

determination. The Court declines to convert the Defendants' motions to dismiss into motions

for summary judgment.  At this stage in the pleadings, the Court must treat the complaint's

factual allegations as true. *See Taxi Connection v. Dakota, Minnesota & E. R.R. Corp*., 513 F.3d

823, 825–26 (8th Cir. 2008).  The question is "not whether [the Plaintiff] will ultimately prevail .

. . but whether his complaint was sufficient to cross the federal court's threshold." *Skinner v.*

*Switzer*, 562 U.S. 521, 529-30 (2011).   After examining the record and accepting Plaintiff's

allegations as true, the Court cannot state that Plaintiff has failed to state plausible claims for

relief.  Accordingly, Defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) are

denied.

                     Conclusion

---

[1]Defendants argue that Plaintiff's claim for declaratory relief is subject to dismissal for failing to state a claim under Rule 12(b)(6).

Defendants' motions to dismiss are GRANTED IN PART AND DENIED IN PART as stated herein.  Plaintiff's claims against the Arkansas Supreme Court are barred by sovereign immunity.  Plaintiff's claims for injunctive relief against the individual Justices in their official capacities are barred by §1983.  Plaintiff's claims for declaratory relief against the individual Justices in their official capacities remain.  The temporary stay of discovery is lifted.

IT IS SO ORDERED this 12th day of April, 2018.

_____
James M. Moody Jr.
United States District Judge

9