**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

_____

|  |  |  |
|---|---|---|
| HONORABLE WENDELL GRIFFEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-639-JM |
| | ) | Hon. James M. Moody, Jr. |
| ARKANSAS SUPREME COURT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**JUSTICES OF THE ARKANSAS SUPREME COURT'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

The Honorable John Dan Kemp, the Honorable Robin F. Wynne, the Honorable Courtney Hudson Goodson, the Honorable Josephine L. Hart, the Honorable Shawn A. Womack, the Honorable Karen R. Baker, and the Honorable Rhonda K. Wood (collectively, "the Justices") file this Answer and Affirmative Defenses to Plaintiff the Honorable Wendell Griffen's complaint:

**JURISDICTION AND VENUE**

1.      The Justices deny that this Court has subject matter jurisdiction over the Arkansas Supreme Court, and they neither admit nor deny that the Court has subject matter jurisdiction over the Justices.

2.      The Justices deny that this Court should exercise supplemental jurisdiction over the state law claims.

3.      The Justices admit that this Court has personal jurisdiction over the Defendants.

4.      The Justices admit that venue is proper in this district.

**PARTIES**

5.      The Justices admit the allegations of paragraph 5.

1

6.      The Justices deny the allegations of paragraph 6 to the extent the paragraph alleges that the Justices and the Arkansas Supreme Court have total authority over assignment of cases to the judges of the Arkansas Courts.

7.      The Justices admit the allegations of paragraph 7.

## STATEMENT OF FACTS

8.      The Justices admit the allegations in paragraph 8.

9.      The Justices lack a sufficient basis to admit or deny the allegations in paragraph 9.

10.     The Justices lack a sufficient basis to admit or deny the allegations in paragraph 10.

11.     The Justices lack a sufficient basis to admit or deny the allegations in paragraph 11.

12.     The Justices lack a sufficient basis to admit or deny the allegations in paragraph 12.

13.     The Justices lack a sufficient basis to admit or deny the allegations in paragraph 13.

14.     The Justices lack a sufficient basis to admit or deny the allegations in paragraph 14.

15.     The Justices admit that Judge Griffen made the statement discussed in paragraph 15, though the Justices deny this constituted a "holding."

16.     The Justices lack a sufficient basis to admit or deny the allegations in paragraph 16.

17.     The Justices lack a sufficient basis to admit or deny the allegations in paragraph 17.

## Good Friday Prayer Vigil

18.     The Justices admit that Judge Griffen attended two anti-death-penalty rallies on April 14, 2017. The Justices deny Judge Griffen's characterization of the message communicated by his attendance at the rally and his decision to lay on a cot. The Justices lack a sufficient basis to admit or deny the remaining allegations in paragraph 18.

19.     The Justices lack a sufficient basis to admit or deny the allegations in paragraph 19. The Justices deny that it is material whether Judge Griffen was acting in his official or judicial capacity.

20.     The Justices deny Judge Griffen's allegation that he has a constitutionally-protected right to participate in the vigil and simultaneously adjudicate cases involving capital punishment. The Justices lack a sufficient basis to admit or deny the remaining allegations in paragraph 20.

## Judicial Proceedings

21.     The Justices admit the allegations in paragraph 21.

22.     The Justices admit the allegations in paragraph 22.

23.     The Justices admit the allegations in paragraph 23.

24.     The Justices lack a sufficient basis to admit or deny the allegations in paragraph 24.

25.     The Justices admit the allegations in paragraph 25.

26.     The Justices admit that Judge Griffen issued the temporary restraining order referred to therein but they otherwise lack a sufficient basis to admit or deny the allegations of paragraph 26.

27.     The Justices admit that Judge Griffen set a hearing for Tuesday, April 18, but they lack a sufficient basis to admit or deny whether that was the first date the parties indicated they were available.

28.     The Justices deny that the Arkansas Attorney General "[c]ho[se] not to ask Judge Griffen to recuse himself," but otherwise admit the allegations in paragraph 28.

29.     The Justices deny the allegations in paragraph 29.

30.     The Justices admit that they entered Order No. 17-155 and that the quotations from the order are accurate, but they otherwise deny the allegations in paragraph 30.

31.     The Justices deny that Order No. 17-155 did not explain the reasoning for its decision to remove Judge Griffen from certain cases.

32.     The Justices deny the allegations of paragraph 32.

33.     The Justices lack a sufficient basis to admit or deny the allegations in paragraph 33.

34.     The Justices lack a sufficient basis to admit or deny the allegations in paragraph 34.

35.     The Justices deny the allegations of paragraph 35.

36.     The Justices admit the allegations of paragraph 36.

37.     The Justices lack a sufficient basis to admit or deny the allegations in paragraph 37.

38.     The Justices deny the allegations of paragraph 38. Further, the Justices deny they are required to explain their rulings to a judge presiding over a case below.

39.     The Justices lack a sufficient basis to admit or deny the allegations in paragraph 39.

40.     The Justices deny the allegations of paragraph 40 to the extent the paragraph alleges that the Justices of the Arkansas Supreme Court entered Order No. 17-155 in retaliation for Judge Griffen's exercise of his religious freedom through attendance at the Good Friday prayer vigil and gathering and out of discriminatory racial animus toward him as a person of African-American ancestry and racial identity. The Justices lack sufficient knowledge to admit or deny the remaining allegations of paragraph 40.

41.     The Justices deny the allegations of paragraph 41.

42.     The Justices deny the allegations of paragraph 42.

43.     The Justices admit the allegations of paragraph 43.

44.     The Justices lack a sufficient basis to admit or deny the allegations of paragraph 44.

45.     The Justices lack a sufficient basis to admit or deny the allegations of paragraph 45.

46.     The Justices deny the allegations of paragraph 46.

47.     The Justices deny the allegations of paragraph 47.

## COUNT I
### First Amendment Retaliation on the Basis of Speech

48.     The Justices admit that Judge Griffen purports to incorporate by reference the allegations in paragraph 1‑47.

49.     The Justices admit that Judge Griffen has First Amendment rights but they deny that these rights entitle him to relief in this case.

50.     The Justices admit that Judge Griffen expressed his views on a matter of public concern but they deny that this entitles him to relief in the case.

51.     The Justices deny the allegations of paragraph 51 to the extent it alleges that Judge Griffen has a constitutional right to express his biased views about the death penalty and to also adjudicate death penalty cases. Judge Griffen's constitutional rights are also circumscribed to the extent public employee speech appears to reflect the position of his government employer or affects his ability to do their job.

52.     The Justices deny the allegations of paragraph 52.

53.     The Justices deny the allegations of paragraph 53.

54.     The Justices admit that they acted within their judicial authority when they reassigned Judge Griffen from cases involving capital punishment.

55.     The Justices deny the allegations of paragraph 55.

56.     The Justices deny the allegations of paragraph 56.

## COUNT II
### First Amendment Retaliation on the Basis of Religious Exercise

57.     The Justices admit that Judge Griffen purports to incorporate by reference the allegations in paragraph 1‑56.

58.     The Justices deny the allegations of paragraph 58 to the extent it asserts that Judge Griffen has a constitutional right to express his biased views about the death penalty and also adjudicate death penalty cases.

59.     The Justices admit that Judge Griffen has a constitutionally protected right to engage in religious express, but they lack a sufficient basis to admit or deny that he engaged in religious expression by attending the prayer vigil and gathering.

60.     The Justices deny the allegations of paragraph 60.

61.     The Justices deny the allegations of paragraph 61.

62.     The Justices deny the allegations of paragraph 62.

63.     The Justices deny the allegations of paragraph 63.

64.     The Justices deny the allegations of paragraph 64.

65.     The Justices deny the allegations of paragraph 65. The Justices further deny Order 17-155 constituted punishment of Judge Griffen.

66.     The Justices deny the allegations of paragraph 66.

67.     The Justices admit the allegations of paragraph 67.

68.     The Justices deny the allegations of paragraph 68.

## COUNT III
### Violation of the Arkansas Religious Freedom Restoration Act

69.     The Justices admit that Judge Griffen purports to incorporate by reference the allegations in paragraph 1‑68.

70.     The Justices admit the allegations of paragraph 70.

71.     The Justices admit that Judge Griffen has expressed sincerely held religious beliefs about the death penalty.

72.     The Justices admit that Judge Griffen sincerely believes that he was exercising his religion by attending the Good Friday prayer vigil and gathering and by writing about the death penalty on his blog.

73.     The Justices deny that Judge Griffen's views on whether his sincerely held beliefs affect his ability to do his job, or that even the absence of actual bias based on those views or what his actions in past cases may have been are material to the claims made in the Complaint, as alleged in paragraph 73.

74.     The Justices deny the allegations of paragraph 74.

75.     The Justices deny the allegations of paragraph 75.

76.     The Justices deny the allegations of paragraph 76.

77.     The Justices deny the allegations of paragraph 77.

78.     The Justices deny the allegations of paragraph 78.

**COUNT IV**
**Due Process**

79.     The Justices admit that Judge Griffen purports to incorporate by reference the allegations in paragraph 1‑78.

80.     The Justices admit the allegations of paragraph 80.

81.     The Justices deny the allegations of paragraph 81.

82.     The Justices deny the allegations of paragraph 82.

83.     The Justices deny the allegations of paragraph 83.

84.     The Justices deny the allegations of paragraph 84.

85.     The Justices deny the allegations of paragraph 85. Further, the Justices lack a sufficient basis to admit or deny that there was no urgency to their order.

86.     The Justices deny the allegations of paragraph 86.

87.     The Justices deny the allegations of paragraph 87.

88.     The Justices deny the allegations of paragraph 88.

89.     The Justices deny the allegations of paragraph 89.

90.     The Justices deny the allegations of paragraph 90.

## COUNT V
## Violation of the Equal Protection Clause

91.     The Justices admit that Judge Griffen purports to incorporate by reference the allegations in paragraph 1‑90.

92.     The Justices admit the allegations of paragraph 92.

93.     The Justices admit the allegations of paragraph 93.

94.     The Justices admit the allegations of paragraph 94.

95.     The Justices admit the allegations of paragraph 95.

96.     The Justices admit the allegations of paragraph 96.

97.     The Justices admit the allegations of paragraph 97.

98.     The Justices admit the allegations of paragraph 98.

99.     The Justices admit the allegations of paragraph 99.

100.    The Justices deny the allegations of paragraph 100.

101.    The Justices lack a sufficient basis to admit or deny the allegations of paragraph 101.

102.    The Justices admit the allegations of paragraph 102.

103.    The Justices lack a sufficient basis to admit or deny the allegations of paragraph 103.

104.    The Justices lack a sufficient basis to admit or deny the allegations of paragraph 104.

105.    The Justices lack a sufficient basis to admit or deny the allegations of paragraph 105.

106.    The Justices lack a sufficient basis to admit or deny the allegations of paragraph 106.

107.    The Justices lack a sufficient basis to admit or deny the allegations of paragraph 107.

108.    The Justices lack a sufficient basis to admit or deny the allegations of paragraph 108.

109.    The Justices admit the allegations of paragraph 109.

110.    The Justices lack a sufficient basis to admit or deny the allegations of paragraph 110.

111.    The Justices admit the allegations of paragraph 111.

112.    The Justices deny the allegations of paragraph 112.

113.    The Justices admit the allegations of paragraph 113.

114.    The Justices lack a sufficient basis to admit or deny the allegations of paragraph 114.

115.    The Justices deny the allegations of paragraph 115.

116.    The Justices admit the allegations of paragraph 116.

117.    The Justices lack a sufficient basis to admit or deny the allegations of paragraph 117.

118.    The Justices lack a sufficient basis to admit or deny the allegations of paragraph 118 to the extent they allege that Parker was "allowed" to resign.

119.    The Justices deny the allegations of paragraph 119.

120.   The Justices deny the allegations of paragraph 120.

121.   The Justices deny the allegations of paragraph 121.

## COUNT VI
## Civil Conspiracy in Violation of 42 U.S.C. § 1985

122.   The Justices admit that Judge Griffen purports to incorporate by reference the allegations in paragraph 1‑121.

123.   The Justices deny the allegations of paragraph 123.

124.   The Justices deny the allegations of paragraph 124.

125.   The Justices deny the allegations of paragraph 125.

126.   The Justices deny the allegations of paragraph 126.

127.   The Justices deny the allegations of paragraph 127.

128.   The Justices deny the allegations of paragraph 128.

129.   The Justices deny the allegations of paragraph 129.

130.   The Justices deny the allegations of paragraph 130.

131.   The Justices deny the allegations of paragraph 131.

132.   The Justices deny the allegations of paragraph 132.

133.   The Justices deny the allegations of paragraph 133.

134.   The Justices admit that Judge Griffen has stated that he reserves the right to supplement the allegations of his complaint during discovery.

## PRAYER FOR RELIEF

The allegations in this paragraph requesting relief are in the nature of prayer. Although no answer is required, the Justices respond to the individual requests for relief as follows:

a.   The Justices deny that Judge Griffen is entitled to the requested relief.

b.   The Justices deny that Judge Griffen is entitled to the requested relief.

c.   The Justices deny that Judge Griffen is entitled to the requested relief.

d.   The Justices deny that Judge Griffen is entitled to the requested relief.

## AFFIRMATIVE DEFENSES

### Judicial Immunity

1.      The Justices are judicially immune from Judge Griffen's claims.

### Legislative Immunity

2.      The Justices are legislatively immune from Judge Griffen's claims.

### Sovereign Immunity

3.      The Justices have sovereign immunity from Judge Griffen's claims.

### Qualified Immunity

4.      The Justices have qualified immunity from Judge Griffen's claims. The Justices affirmatively plead that, with respect to the allegations in Plaintiff's complaint, they at all times acted in good faith and within the scope of their authority under applicable law and their employment duties, and thus are entitled to good faith and qualified immunity from suit under both state and federal law.

### Improper Defendants

5.      The complaint should be dismissed because Judge Griffen has sued the improper defendants.

### Action in Judicial Capacity

6.      The complaint should be dismissed because the Justices acted in their judicial capacity, injunctive relief may not be granted unless a declaratory decree was violated or declaratory relief was unavailable, and the complaint does not allege that declaratory relief was violated or declaratory relief was unavailable.

**Abstention**

7.      This Court should abstain from deciding this case under principles of federalism, comity, and because there were pending state actions against Judge Griffen at the time the complaint was filed.

**Eleventh Amendment Immunity**

8.      The Justices are entitled to immunity under the Eleventh Amendment.

**Rooker Feldman**

9.      Judge Griffen's complaint is barred under the *Rooker Feldman* doctrine.

**Lack of Subject Matter Jurisdiction**

10.     This Court lacks subject matter jurisdiction over the case.

**Lack of Standing**

11.     Judge Griffen lacks standing to bring this case because he has suffered no concrete injury that is fairly traceable to the actions of the defendants and because the injury will not be redressed by a favorable decision.

**Costs and Attorneys Fees**

12.     Judge Griffen is not entitled to costs and attorneys' fees.

13.     Additionally, 42 U.S.C. § 1983 bars the recovery of costs, including attorneys' fees, because this action is brought against judicial officers for acts or omissions taken in their judicial capacity and such actions were not clearly in excess of the judicial officers' jurisdiction.

Dated: May 8, 2018                        Respectfully submitted,

*/s/ Matt Keil*                           */s/ David H. Thompson*
Matt Keil                                 David H. Thompson
 Arkansas Bar No. 86099                    D.C. Bar No. 450503
KEIL & GOODSON, PA                        Michael W. Kirk
406 Walnut Street                          D.C. Bar No. 424648
Texarkana, AR 71854                       William C. Marra
(870) 772-4113                             D.C. Bar No. 1019098
mkeil@kglawfirm.com                       COOPER & KIRK, PLLC
                                          1523 New Hampshire Ave., N.W.
                                          Washington, D.C. 20036
                                          (202) 220-9600
                                          dthompson@cooperkirk.com

*Attorneys for Defendant The Honorable Courtney Hudson Goodson*

                                          */s/ Robert S. Peck*
                                          Robert S. Peck, N.Y. Bar No. 1635333
                                          CENTER FOR CONSTITUTIONAL LITIGATION,
                                          P.C.
                                          One Riverside Park
                                          50 Riverside Boulevard, Suite 12A
                                          New York, NY 10069
                                          Tel. (202) 944-2874
                                          Fax (646) 365-3382
                                          robert.peck@cclfirm.com

*Attorney for Defendants Supreme Court of Arkansas, The Honorable John Dan Kemp,*
*The Honorable Robin F. Wynne, and The Honorable Shawn A. Womack*

A.F. "Tom" Thompson, III                  */s/ Robert L. Henry, III*
Arkansas Bar Number 77133                 Robert L. Henry, III
Kenneth P. "Casey" Castleberry            Arkansas Bar Number 72054
Arkansas Bar Number 2003109               BARBER LAW FIRM, PLLC
MURPHY, THOMPSON, ARNOLD,                 3400 Simmons Tower
SKINNER & CASTLEBERRY                     425 West Capitol Avenue
555 East Main Street, Suite 200           Little Rock, Arkansas 72201
Post Office Box 2595                      (501) 372-6175
Batesville, Arkansas 72503                rhenry@barberlawfirm.com
(870) 793-3821
aftomt2001@yahoo.com
caseycastleberry2003@yahoo.com

*Attorneys for Defendant The Honorable Josephine L. Hart*

13

*/s/ Timothy O. Dudley*
Timothy O. Dudley
Arkansas Bar Number 82055
TIM DUDLEY, LTD.
114 South Pulaski
Little Rock, Arkansas 72201
(501) 372-0080
todudley@swbell.net

*Attorney for Defendant The Honorable Karen R. Baker*

*/s/ Cristopher O. Murray*
Christopher O. Murray
David B. Meschke
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 17th Street, Suite 2200
Denver, CO 80202
cmurray@bhfs.com
dmeschke@bhfs.com

*Attorneys for Defendant the Honorable Rhonda K. Wood*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2018, I electronically filed the foregoing document with the Clerk of Court through the CM/ECF system for service this day via transmission of Notice of Electronic Filing generated by ECF to all counsel of record.


*/s/David H. Thompson*
David H. Thompson